## F. P. Boutté et al. *v.* Dubois & Mish.

Construction of the following clause in a contract of lease :

" 3d. The State and municipal taxes, over and above the amount now paid by the lessors, shall be chargeable to and reimbursed by the lessees to the lessors."

*Held :* That the lessor was entitled to annual reimbursements of whatever sums he paid for taxes, above the amount fixed in said clause. No reference was made in the contract to a final adjustment in 1861 ; no estimation was given of an intent to keep up a debtor and creditor account of excess and deficiency each year through the term of lease. No account was to be taken of the deficiency, what was " over and above" was provided for. The deficiency was not to benefit the lessees in any case ; the excess was to be chargeable to them. and was therefore exigible as soon as paid by the lessors.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *Martin* and *Forstall,* for plaintiff. *Upton* and *Roselius,* for defendant and appellant.

SPOFFORD, J. In 1851 the defendants, by notarial act, leased certain premises in New Orleans to the plaintiffs for eight years to be computed from and after the 6th July, 1853, to end with the 5th July, 1861.

The following are the first three clauses of the agreement as articulated by the notary:

1st. The said *Dubois & Mish,* for them, their heirs and assigns, bind themselves to pay regularly at the end of each and every month of said lease, on first presentation of the simple receipts of said lessors or their agent, the monthly rent of three hundred dollars. The first payment thereof to become due and to be effected on the 6th day of August, 1853, the second on the 6th of September next ensuing, and so on from month to month, during the continuance of said lease.

2d. All costs, charges and expenses whatsoever for repairing and keeping in good condition said premises, remain now and until the expiration of said lease, to the exclusive charge and account of the lessees.

3d. The State and municipal taxes, over and above the amount now paid by the lessors, shall be chargeable to and reimbursed by the lessees to the lessors.

The present controversy involves the construction to be given to the third of the foregoing clauses. The amount of State and municipal taxes paid on the property by the lessors, for the year 1851, (the year the contract was made,) is admitted to have been $552 50. These taxes for the year 1852 having exceeded that sum by $251 50, and for 1853 by $302 20, this suit was brought in 1854 by the lessors against the lessees, under the third clause of the contract for the reimbursement of these two sums, amounting together to $553 70, for which they recovered judgment against the lessees, who have appealed.

The appellants contend that, by the clause in question, no reimbursement could be called for until the expiration of the whole period of the lease, in July, 1861, and then only in case the average amount of State and municipal taxation upon this property for that term should exceed $552 50 per year.

The appellees, on the contrary, insist that as soon as they are compelled to pay for any one year's taxes upon this property to the state and city, exceeding in amount the sum of $552 50, they have an action against the lessees for the reimbursement of this surplus ; and that the surplus they may be compelled to

pay one year is not to be offset by the deficiency of another year, should it ever happen that the taxes fall below the sum stated.

It was well known to the parties that taxes were annually imposed. When they referred to the taxes " now paid," it is conceded they meant the taxes for the current year. If the sum paid the next year should exceed that paid for the current year, it was agreed that such sum should be " chargeable to the lessees." As soon as the lessors had paid in excess of the stipulated sum for the yearly taxes, they had a charge against the lessees. And as the subject, in the minds of the contracting parties, was an annual tax, we may suppose they contemplated an annual reimbursement for excessive payments. For no reference was made in the contract to a final adjustment of the matter in 1861; no intimation was given of an intent to keep up a debtor and creditor account of excess and deficiency each year, through the term of the lease. Indeed, no account whatever was to be taken of the deficiency. What is " over and above" is provided for; what is below is not provided for. The State and city might remit the taxes altogether, and yet the lessees were not to have the use of the leased property on less onerous terms. The deficiency was not to benefit them in any case; the excess was to be chargeable to them, and was therefore exigible as soon as paid by the lessors.

It is thus we read the contract, conceiving it to be the most natural construction of the terms used by the parties, the most congruous to the subject matter of the particular clause in question, and the most consistent with the general tenor of the instrument in which it is found.

As we concur in the views of the District Judge, upon this point, his judgment is affirmed with costs.